IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WALTER PATTERSON,<br>　　*Plaintiff*, | §<br>§<br>§ | CIVIL ACTION NO. |
| v. | §<br>§ | _____ |
| GREYHOUND LINES, INC.,<br>　　*Defendant*. | §<br>§<br>§ | *JURY REQUESTED* |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Walter Patterson, now files this Original Complaint against Defendant Greyhound Lines, Inc. Walter Patterson would respectfully show the Court the following:

## PARTIES

1. Plaintiff, Walter Patterson ("Patterson" or "Plaintiff"), is an individual whose residential domicile and home is located in Polk County, Florida. He may be served through his attorney of record, Tej R. Paranjpe, of Paranjpe Mahadass Ruemke LLP, 3701 Kirby Dr., Suite 530, Houston, Texas 77098.

2. Defendant Greyhound Lines, Inc. ("Greyhound" or "Defendant") is a Delaware corporation transacting business in Texas, with its headquarters and principal place of business located at 350 N Saint Paul Street, Suite 300, Dallas, TX 75201, and may be served with process through its registered agent, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, TX 75201, or wherever it may be found.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiff and Defendant are citizens of different U.S. states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

4. Venue is proper in this Court under 28 U.S.C. §1391(b)(1) because Defendant resides in the judicial district in which this action is brought.

## CONDITIONS PRECEDENT

5. All conditions precedent have been performed or occurred.

## RESPONDEAT SUPERIOR

6. Defendant is legally responsible to the Plaintiff for the acts and omissions of their employees, agents, servants, and representatives under the legal doctrines of respondeat superior, agency, and/or ostensible agency. As a result thereof, the Defendant is vicariously liable for all wrongful and illegal acts, omissions, and conduct of their employees, agents, servants and representatives.

## MISNOMER AND ALTER EGO

7. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties were or are "alter egos" of parties named in this complaint. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

8. The "alter ego doctrine permits the imposition of liability upon the parent company for torts and contractual obligations of its subsidiary…" *Miles v. Am. Telephone & Telegraph Co.*, 703 F.2d 193, 195 (5th Cir. 1983). The theory "provides a vehicle for bringing a subsidiary within the reach of the Texas long-arm statute because a close relationship between a parent and its

subsidiary may justify a finding that the parent does business in a jurisdiction through the local activities of its subsidiaries, or vice versa." *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Circ. 1983); *Walker v. Newgent* 583 F.2d 163, 167 (5th Cir. 1978).

9. "Where a parent establishes a subsidiary… and dominates it…that the subsidiary is a mere conduit for the parent's business, the parent should not be able to shift the risk of loss." *United States v. Jon-T Chemicals, Inc.* 768 F.2d 686, 693 (5th Cir. 1985); *Nelson v. Int'l. Paint Co.* 734 F.2d 1084, 1093 (5th Cir. 1984); *Edwards Co. v. Monogram Indus.* 730 F.2d 977, 982 (5th Cir. 1984); *Miles v. Am. Tel. & Tel. Co.* 703 F.2d 193, 195 (5th Cir. 1983).

## FACTS

10. Defendant Greyhound Lines, Inc., operating under the name of "Greyhound", owns and operates an intercity bus transit service.

11. On or about July 3, 2020, Plaintiff was a ticketed passenger on Greyhound Bus ("Bus" and "Premises") that was owned, occupied, operated, and controlled by Greyhound. The Bus was driven by Joseph Pride in the course and scope of his employment with Greyhound. The Bus departed from Mobile, Alabama on July 3, 2020 and was headed to Houston, Texas. Plaintiff has limited mobility and requires the use of a wheelchair, at times, which is specifically noted on Plaintiff's Greyhound Bus ticket. When he needed to use the restroom, Plaintiff was forced to use the seats on each side of the aisle as his support because the Greyhound bus aisle is not wide enough for wheelchair use and the bathroom is not wheelchair accessible.

12. When Plaintiff opened the restroom door and entered, Plaintiff unknowingly stepped onto soap that was on the bathroom floor of the Bus. When he stepped in the soap, he lost his footing which caused him to fall and violently impact the ground and wall. Defendant's employees had not maintained the bathroom nor had they cleaned up the soap on the floor. Further,

there were no safety measures in place to prevent soap from collecting on the floor where passengers of the Bus could fall and get seriously injured.

13. The unexpected fall caused Plaintiff to suffer permanent and severe injuries, to his back, neck, head, and shoulder and ultimately undergo surgery.

## CAUSES OF ACTION

### Negligence

14. Defendant had a duty to provide a safe means of accessing the restroom, using the restroom, or to provide reasonable assistance to passengers.

15. Defendant breached that duty by failing to provide assistance or accommodation for passengers such as Plaintiff to safely access and use the bathroom on the Bus.

16. Defendant's breach proximately caused Plaintiff's injuries. It is reasonably foreseeable that a passenger that purchases Greyhound ticket with a wheelchair requirement could fall and get hurt trying to access and use the Bus bathroom if Greyhound does not provide assistance, such as additional staff other safety measures to meet the needs of their passengers.

17. The Defendant, acting through its agents, servants, and/or employees, who were at all times acting within the course and scope of their employment, committed acts and/or omissions that constituted negligence which proximately caused the incident in question.

### Negligent Hiring, Training, Supervision, and Retention

18. Greyhound owed passengers such as Plaintiff a legal duty to hire, supervise, train, or retain competent employees.

19. Greyhound breached that duty by failing to hire, train, supervise, and retain qualified employees or an adequate number of employees. Greyhound also failed to train their employees on how to reasonably assist passengers so they may safely access the bathroom of the

Bus. Greyhound failed to supervise their employees to ensure they were following safety procedures in place to prevent the injuries Plaintiff suffered.

20. Greyhound's breach of the above duty proximately caused Plaintiff's injuries because

### Premises Liability

21. In the alternative to the negligence cause of action, Plaintiff brings a claim against Defendant for premises liability.

22. The Premises is the Greyhound Bus of which Plaintiff was a ticketed passenger. Plaintiff was an invitee for the mutual benefit of both the Plaintiff and Defendant. Plaintiff was to receive the benefit of transportation from Mobile, Alabama to Houston, Texas and Defendant received monetary compensation to provide the transportation.

23. Defendant was the possessor of the Premises as the Bus was owned, occupied, operated, controlled, and maintained by Defendant and Defendant's employees.

24. The soap on the ground in the bathroom of the Bus was a dangerous condition. Passengers frequently use a bathroom on the Bus while the Bus is in transit and soap on the floor under those circumstances is especially dangerous and likely to cause harm to passengers from falling due to the slippery floor. The dangerous condition on the Premises posed an unreasonable risk of harm as and it was foreseeable that the dangerous condition would cause injury to others.

25. Defendant knew or reasonably should have known of the dangerous condition because passengers regularly use the bathroom on Defendant's Bus while the bus is in transit, there was soap in the bathroom, and should conduct reasonable inspections of the bathroom and Bus.

26. Defendant breached its duty of ordinary care by failing to adequately warn Plaintiff of the condition or make the condition reasonably safe by cleaning the soap from the floor or

putting safety measures in place such as non-slip mats or other measures to prevent soap from collecting on the floor of the Bus bathroom.

27. Defendant's breach proximately caused Plaintiff's injuries and damages.

28. The Defendant, acting through its agents, servants, and/or employees, who were at all times acting within the course and scope of their employment and committed acts and/or omissions that constituted negligence which proximately caused the incident in question, to wit:

   a. In failing to maintain the premises in question in a reasonably safe condition and free of hazards to Plaintiff, and other invitees, entering the premises;

   b. In failing to correct the unreasonably dangerous condition of the premises in question;

   c. In failing to warn invitees, including Plaintiff, of the dangerous conditions of the premises in question;

   d. In failing to properly inspect the premises in question to discover the unreasonably dangerous conditions in question;

   e. In failing to properly train agents, servants, and/or employees regarding the proper manner in which to make the premises reasonably safe;

   f. In failing to implement proper policies, rules, and/or procedures to make the premises reasonably safe;

   g. In failing to enforce proper policies, rules, and/or procedures to make the premises reasonably safe;

   h. In failing to use ordinary care in hiring, training, and supervising employees; and

   i. In failing to take affirmative action to control or avoid increasing the danger from a condition that was at least partially created by the Defendants.

29. Each and all of the above foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence which proximately caused this incident, and Plaintiff's injuries and damages.

## DAMAGES

30. As a result of the preceding causes of action, Plaintiff has been damaged in the following manner:

    a. Physical pain and mental anguish sustained in the past;

    b. Physical pain and mental anguish, that in reasonable probability, Plaintiff will sustain in the future;

    c. Loss of earning capacity sustained in the past;

    d. Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

    e. Disfigurement sustained in the past;

    f. Disfigurement that, in reasonable probability, Plaintiff will sustain in the future;

    g. Physical impairment sustained in the past;

    h. Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

    i. Medical care expenses incurred in the past;

    j. Medical care expenses that, in reasonable probability, Plaintiff will sustain in the future.

31. Plaintiff has suffered damages from the Defendant's wrongful conduct described herein. Accordingly, Plaintiff is seeking damages over $1,000,000.00.

## JURY DEMAND

32. Plaintiff respectfully requests a trial by jury.

## PRAYER

33. For these reasons, Plaintiff asks the Court to issue a citation for the Defendant to appear and answer, and that Plaintiff be awarded a judgment against the Defendant for the following:

    a. Compensatory and actual damages in an amount deemed sufficient by the trier of fact;

    b. Costs of Court;

c. Incidental damages;

d. Prejudgment and post-judgment interest at the maximum legal rate per annum until paid; and

e. Such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled.

    Respectfully submitted,

    **Paranjpe Mahadass Ruemke LLP**

    /s/Tej Paranjpe_____
    Tej Paranjpe
    *Attorney-in-charge*
    State Bar Number: 24071829
    3701 Kirby, Suite 530
    Houston, Texas 77098
    TParanjpe@pmrlaw.com
    (832) 667.7700 Telephone
    (832) 202.2018 Facsimile
    *Counsel for Plaintiff*